UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>      v.<br><br>MORGAN STANLEY & CO. INCORPORATED,<br><br>                Defendant. | Civ. No. **06 0882**<br><br>FILED<br>MAY 1 2 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**FINAL JUDGMENT AS TO DEFENDANT MORGAN STANLEY & CO. INCORPORATED**

The United States Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Morgan Stanley & Co. Incorporated, ("Defendant") having entered a general appearance; consented to this Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q(b)], by failing to promptly produce all records that

are subject at any time, or from time to time, to such reasonable periodic, special, or other examinations by representatives of the Commission or of the appropriate regulatory agency for Morgan Stanley as the Commission or such regulatory agency deems necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Securities Exchange Act of 1934.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 17a-4(j) [17 C.F.R. § 240.17a-4(j)] by failing to promptly furnish to a representative of the Commission legible, true, complete, and current copies of those records that are required to be preserved under Rule 17a-4 [17 C.F.R. § 240.17a-4], or any other records subject to examination under Section 17(b) of the Exchange Act [15 U.S.C. § 78q(b)] that are requested by the representative of the Commission.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty of $15 million pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], provided, however, that the amount of the foregoing payment obligation shall be reduced by any amounts up to $5 million contemporaneously paid by Defendant pursuant to its agreements with NASD and the New York Stock Exchange, Inc. ("NYSE") to pay a total of $5 million in penalties to NASD and NYSE in related proceedings.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the payment of the civil money penalty described in Section III shall be made within ten (10) business days after the entry of this Final Judgment by wire transfer or U.S. postal money order, certified check, or bank cashier's check payable to the order of the "Securities and Exchange Commission." The payment, if made by money order or check, shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter to the Commission's Office of Financial Management identifying Morgan Stanley & Co. Incorporated, as the Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. If payment is made by wire transfer, Defendant shall obtain wire transfer instructions from the Commission's Office of Financial Management and shall simultaneously send a letter to the Commission's Office of Financial Management identifying Morgan Stanley & Co. Incorporated, as the Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that the wire transfer payment is made pursuant to this Final Judgment. A copy of the letter to the Commission's Office of Financial Management and of any wire transfer, money orders or checks, front and back, shall be transmitted simultaneously to Ann Rosenfield, Esq., United States Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549, along with copies of any contemporaneous payments made to NASD and the NYSE as referred to in Section III. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall adopt and implement policies and procedures reasonably designed to ensure compliance with Section 17(b) of the Exchange Act and Exchange Act Rule 17a-4(j) concerning the preservation and prompt production of electronic communications requested by representatives of the Commission. Defendant shall inform the Commission staff, NASD staff and the NYSE staff in writing no later than ninety (90) days after the entry of this Final Judgment that it has adopted and implemented such policies and procedures.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall provide annual training to its employees responsible for preserving or producing electronic communications requested by representatives of the Commission including, but not limited to, employees of Defendant's Law and Information Technology Divisions. This training shall cover the requirements of Section 17(b) of the Exchange Act and Exchange Act Rule 17a-4(j) and the policies and procedures Defendant has adopted and implemented in compliance with Section V of this Final Judgment. Defendant shall commence providing the first such annual training no later than one hundred and fifty (150) days after the entry of this Final Judgment and shall complete the first annual training no later than two hundred and forty (240) days after the entry of this Final Judgment. Defendant shall videotape any live training sessions conducted during the first annual training.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within one year after the entry of this Final Judgment, Defendant shall retain, at its own expense, an Independent

Consultant not unacceptable to the Commission staff. The Independent Consultant will conduct a review of the implementation and effectiveness of the policies, procedures and training referenced in Sections V and VI of this Final Judgment and will provide his or her written recommendations to Defendant identifying improvements necessary to ensure the proper implementation and efficacy of those policies, procedures and training. Defendant shall require that the Independent Consultant's review evaluate Defendant's policies, procedures and training over a year period which commences ninety (90) days after the entry of this Final Judgment. Defendant shall require that the Independent Consultant prepare a written report ("the Report") setting forth the findings of his or her review and any recommendations. The Report shall be submitted contemporaneously to Defendant, the Commission staff, NASD staff and the NYSE staff, as soon as practical, but in any event, not later than six hundred and thirty (630) days after the entry of this Final Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall adopt all of the Independent Consultant's recommendations in the Report; provided, however, that within thirty (30) days of the receipt of the Report, as to any recommendation in the Report which the Defendant believes is unduly burdensome or impractical, Defendant need not adopt that recommendation at that time but shall contemporaneously advise the Independent Consultant, the Commission staff, NASD staff and the NYSE staff in writing of its objection to the recommendation and provide an alternative policy, procedure or system designed to achieve the same objective or purpose. The Independent Consultant shall consider the Defendant's objection and proposed alternative and the Defendant and the Independent Consultant shall attempt in good faith to reach an agreement concerning any recommendation to which the

Defendant has objected pursuant to this Section. Within thirty (30) days of the receipt of the Defendant's objection, the Independent Consultant shall notify the Defendant, the Commission staff, NASD staff and the NYSE staff in writing whether he or she has decided to modify or otherwise change the objected to recommendation. Within two days of receiving the Independent Consultant's notification, the Defendant shall inform the Independent Consultant in writing whether it has agreed to adopt or declines to adopt any recommendation or modified or changed recommendation. In the event that the Defendant and the Independent Consultant do not agree concerning the adoption of a recommendation or adoption of a modified or changed recommendation, the Defendant and the Independent Consultant shall promptly, but in no event later than forty (40) days after receipt of the Defendant's objection, petition this Court to review and resolve their dispute. Defendant and the Independent Consultant shall contemporaneously transmit copies of all pleadings and other documents filed or submitted with this Court concerning their dispute to the Commission staff, NASD staff and the NYSE staff, and the Commission staff may submit its views on the dispute by, among other means, filing responsive papers with this Court. Within ninety (90) days after issuance of the Report, Defendant shall submit an affidavit to the Commission staff, NASD staff and the NYSE staff stating that Defendant has implemented any and all recommendations made by the Independent Consultant except for those disputed recommendations which Defendant and the Independent Consultant have petitioned this Court to review. Within thirty (30) days of this Court's determination regarding any disputed recommendation, Defendant shall submit an affidavit to the Commission staff, NASD staff and the NYSE staff stating that it has adopted and implemented any and all actions required by this Court.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall cooperate fully with the Independent Consultant and shall grant the Independent Consultant unrestrained access to Defendant's officers, managing directors, executives, associates, employees and agents, as well as its records and documents, including all documents gathered by Defendant, its lawyers, auditors, advisors and agents in connection with investigations conducted by the federal government or any threatened or actual civil litigation.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, to ensure the independence of the Independent Consultant, Defendant: (i) shall not have the authority to terminate the Independent Consultant without prior written approval of the Commission staff, and (ii) shall compensate the Independent Consultant and persons engaged to assist the Independent Consultant including any counsel the Independent Consultant engages to assist in connection with any petition to this Court as described in Section VIII of this Final Judgment, for services rendered pursuant to this Final Judgment at their reasonable and customary rates.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall require the Independent Consultant to enter into an agreement that provides that, for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that any firm with which the Independent Consultant is affiliated or of which the Independent

Consultant is a member, and any person engaged to assist the Independent Consultant in performance of his or her duties shall not, without prior written consent of the Commission, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Morgan Stanley & Co. Incorporated is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 12, 2006

_____
UNITED STATES DISTRICT JUDGE