## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID E. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  06-0233 (RCL) |
| | ) | |
| CONDOLEEZA RICE, Secretary of State, | ) | |
| U.S. Department of State, | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS AND
## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Condoleeza Rice, Secretary, U.S. Department of State,  by and through

undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's claims in this action on

the grounds that the Court lacks jurisdiction over Plaintiff's claim and Plaintiff fails to state a

claim upon which relief can be granted.  In support of this motion, Defendant respectfully refers

the Court to the accompanying Memorandum of Points and Authorities and attached exhibits.  A

proposed order is also attached.


Dated: June 19, 2006.

Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID E. HENDERSON, )<br>)<br>     Plaintiff, )<br>)<br>     v. )<br>)<br>CONDOLEEZA RICE, Secretary of State, )<br>U.S. Department of State, )<br>     Defendant. )<br>_____ ) | Civil Action No.:  06-0233 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND**
**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Condoleeza Rice, Secretary, U.S. Department of State,  by and through

undersigned counsel, respectfully moves to dismiss this case pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff David E. Henderson, *pro se*, brings the above-captioned action, requesting that

the Court "grant him retroactive medical retirement from March 1, 1981, with backpay

compounded at ten percent annual interest."  See Complaint ("Compl.") at 9.  For the reasons set

forth below, and in the accompanying Memorandum of Points and Authorities and attached

exhibits, this suit should be dismissed for lack of subject matter jurisdiction and failure to state a

claim upon which relief can be granted.

**BACKGROUND**

Plaintiff was formerly employed as a Foreign Service Officer with the United States

Department of State.  See Compl. at 1.  His employment with the agency ended in February

1981.  Id.  Plaintiff alleges that more than fourteen years later, he filed three administrative

applications for medical retirement, the first of which he submitted in 1995.  Compl. at 7.

Plaintiff alleges that the State Department failed to act on any of these applications.  Compl. at 7-8.  Plaintiff does not assert that he exhausted timely and properly his administrative remedies prior to filing this lawsuit.

Plaintiff has been litigating against the United States and various of its agencies, officers and employees since at least 1981.  Plaintiff has also initiated lawsuits against non-federal persons and entities.[1]  In one of Plaintiff's most recent actions, Henderson v. Rice, No. EP-04-CV-461 (W.D. Tex.), Plaintiff filed a civil action against Condoleeza Rice, Secretary, U.S. Department of State, in the United States District Court for the Western District of Texas, requesting retroactive retirement benefits.  See Compl. at 2-3; Def. Exhibit A, PACER Report, 04-CV-461; Def. Exhibit B, Order.[2]  In that case, the District Court granted Defendant's motion

_____

[1]  Some of the lawsuits initiated by Plaintiff are as follows:  (1) Henderson v. United States, et al., 580 F. Supp. 1010 (D.C. 1983)(suit challenging denial of promotion by Foreign Service Grievance Board, decision of board upheld); (2) Henderson v. Thornburgh, Cause No. 91-2589.(FTCA and Title VII suit alleging wrongful termination, Motion to Dismiss by defendant granted);  (3)  Henderson v. Baker, Civil Action No. 91-2704 (Plaintiff alleging wrongful termination from Foreign Service Officer position in 1981, Defendant's Motion to Dismiss granted),  Henderson v. Baker, 1993 WL 31510 (D.C. Cir.) (appeal dismissed as frivolous); (4) Henderson v. Herberger, et al., No. 94-CV-164 (W.D. Tex.) (RICO allegations against the defendants dismissed with prejudice); (5)  Henderson v. Christopher, et al., EP-95-CV-210 (W.D. Tex) (RICO allegations against federal officers and employees dismissed); (6) Henderson v. Christopher, et, al., 106 F.3d 390 (4th Cir. 1997)(affirming dismissal of tort, employment, and Freedom of Information Act allegations); (7) Henderson v. Albright, et al., No. EP-97-CV-43 (W.D. Tex.) (Civil Rights/1983 allegations dismissed prior to service on defendants); (8) Henderson v. Powell, No. EP-01-CV-44 (FTCA claims dismissed); (9) Henderson v. Powell, 2005 WL 1109437 (W.D. Tex.)(suit pursuant to Records Disposal Act dismissed for failure to state a claim); (10) Henderson v. Mueller, 2006 WL 978877 (W.D.Tex. Apr 10, 2006)(FTCA claims dismissed).

_____The above were filed in various United States District Courts, and the Court opinions are either reported in Westlaw or maintained on Court's Docket on PACER.  Defendant, therefore, asks that this Court take judicial notice of these documents.

[2]  Although Plaintiff's complaint states that the action was filed in 1994, it appears from the record that he is referring to the civil action that he filed in 2004.  See Compl. at 2-3; Def.

to dismiss Plaintiff's claim for disability retirement benefits and dismissed the case with prejudice.  Id.

Plaintiff then filed the instant action in this Court in February 2006.  See Compl.  On May 15, 2006, Plaintiff moved for summary judgment on the grounds that Defendant had not yet answered the complaint.  See Pl. MSJ, Docket Entry No. 8.

## STANDARD OF REVIEW

Defendant moves for dismissal under Rules 12(b)(1) and 12(b)(6) because the Court lacks jurisdiction over Plaintiff's claims and Plaintiff fails to state any claim upon which relief can be granted.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways.  First, the court may determine the motion based solely on the

_____

Exh. A and B.

3

complaint.  Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  See id.; Rann, 154 F. Supp.2d at 64.

A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond

doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to

relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc.,

216 F.3d 1111, 1117 (D.C. Cir. 2000).  Although the plaintiff is given the benefit of all

inferences that reasonably can be derived from the facts alleged in the complaint, the court need

not accept inferences that are not supported by such facts, nor must the court accept plaintiff's

legal conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp.,

16 F.3d 1271, 1276 (D.C. Cir. 1994).

The Court may properly take judicial notice of Plaintiff's pleadings in prior litigation and

orders in his various other cases without converting this motion to dismiss into a summary

judgment motion.  See, e.g., Baker v. Henderson, 150 F. Supp.2d 17, 19 n.1 (D.D.C. 2001) ("[i]n

determining whether a complaint fails to state a claim, the court may . . . take judicial notice of

matters of a general public nature, such as court records, without converting the motion to

dismiss into one for summary judgment."); Himmelman v. MCI Communications,104 F. Supp.

2d 1, 3 (D.D.C. 2000) ("The court may consider [on a motion to dismiss] the allegations of the

complaint, documents attached to or specifically referred to in the complaint, and matters of

public record.").

4

**ARGUMENT**

**I.     Plaintiff's Claim Is Barred by the Doctrine of Res Judicata.**

Plaintiff has already brought this claim against Defendant in a prior civil action.  In 2004,

Plaintiff filed suit in the United States District Court for the Western District of Texas,

requesting retroactive retirement benefits, the very subject of this litigation.  See Compl. at 2-3;

Def. Exh. A and B.  On October 24, 2005, the District Court dismissed the case with prejudice.[3]

Id.  Accordingly, because Plaintiff's complaint in this case involves the same claim that was the

subject of his previous civil litigation, Plaintiff's current action is completely barred by the

doctrine of res judicata.

The purpose of the res judicata doctrine is to prevent parties from relitigating claims that

already have been or could have been adjudicated in a prior lawsuit.  See e.g. Nevada v. United

States, 463 U.S. 110, 129-130 (1983).  "Under res judicata, or claim preclusion, 'a final judgment

on the merits of an action precludes the parties or their privies from relitigating issues that were

or could have been raised in that action.'"  Carter v. Rubin, 14 F. Supp. 2d 22, 34 (D.D.C. 1998)

(quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)); accord Federated Dep't Stores, Inc. v.

Moitie, 452 U.S. 394, 398 (1981).   Application of the doctrine serves to relieve parties of the

burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-

shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution

---

[3]  Plaintiff states in his Complaint that the prior decision was not on the merits.  Compl. at
4-5.  However, the record shows that Plaintiff notified the Court telephonically that he did not
intend to respond to Defendant's Motion to Dismiss.  Exh. B.  By not responding to Defendant's
Motion, Plaintiff conceded Defendant's arguments and the Court granted Defendant's Motion To
Dismiss.   Contrary to Plaintiff's assertions, the Court's dismissal of the case with prejudice
constituted a decision on the merits.  See, e.g., Fed. R.Civ. P 41(b).

of disputes.  United States v. Mendoza, 464 U.S. 154, 158 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983).  Res judicata applies to bar a subsequent action when there exists:  (1) an identity of the parties in both suits; (2) an identity of the cause of action in both suits; and (3) a final judgment on the merits (4) rendered by a court of competent jurisdiction.  American Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 29 (D.D.C. 2001).

Each of the above requirements is present here.  First, there is an identity of parties. Plaintiff sued Condoleeza Rice, Secretary, U.S. Department of State, in both civil actions.  See Compl.; Def. Exh. A and B.  Second, there is an identity of the cause of action.  Res judicata applies to bar a subsequent suit when the complaint involves a claim that was the subject of previous litigation by that plaintiff.  See Resolution Trust Corp. v. Keating, 186 F. 3d 1110 (9th Cir. 1999); Yamaha Corporation of America v. U.S., et al., 961 F.2d 245 (1992).  In both cases, Plaintiff brought an action requesting that he be granted retroactive medical retirement benefits. Compl.; Def. Exh. A and B.  Third, the District Court for the Western District of Texas, a court of competent jurisdiction, dismissed the case with prejudice.  See Def. Exh. B.  Therefore, Plaintiff's current case is barred by the former action.

In sum, Plaintiff had a fair opportunity to present his case the first time, and he chose not to respond to the Motion to Dismiss.  See Def. Exh. B.  Plaintiff cannot now file suit in a different court on the same issue hoping to revive his claim for retirement benefits and obtain a different outcome.  As the D.C. Circuit has observed, "[c]ourts today are having difficulty giving a litigant one day in court.  To allow that litigant a second day is a luxury that cannot be afforded."  National Treasury Employees Union v. IRS, 765 F.2d 1174, 1177 (D.C. Cir. 1985)

(internal quotations marks and citation omitted). Therefore, Plaintiff's Complaint should be

dismissed with prejudice.

## II.     Plaintiff's Lawsuit Should be Dismissed Due to Plaintiff's Failure to Exhaust His Administrative Remedies.

Plaintiff asserts that he attempted to apply for medical retirement in 1981, but " a

secretary in the Medical Office refused to mail [the forms] to him." Compl. at 2. Plaintiff

further asserts that he was mentally incapacitated at the time he was separated from employment

with the Foreign Service Office in 1981 and that his competency was not restored until 1995 at

which time he filed for disability retirement benefits through the Foreign Service Office. Id. at 1,

7. Finally, Plaintiff asserts that he filed for benefits three separate times, beginning in 1995 and

that each time the Foreign Service Office failed to act on his application. Id. at 7-8. Plaintiff

states that he then waited until December 2004 to file his lawsuit in the Western District of Texas

because he "hoped the malfeasants in defendant's offices would be retired." Id. at 8-9.

Subsequent to that lawsuit, Plaintiff filed the instant action in February 2006.

Foreign Service Officers may file for disability retirement under the Foreign Service Act

of 1980. 22 U.S.C. § 4048. A claim for disability retirement must be filed before the participant

is separated from the Service or within one year thereafter. 22 U.S.C. § 4048(f). The one-year

time limitation may be waived by the Secretary of State if the applicant is mentally incompetent

at the time he separates from service or within one year of his separation. However, *the*

*applicant must file for benefits within one year from the date his competency is restored*. Id.

(emphasis added). Determinations of the Secretary of State, regarding applications for disability

benefits, are appealable to the Foreign Service Grievance Board and subject to review as

provided by the section governing the Foreign Service Grievance Board.  See 22 U.S.C. §§

4071h, 4131 *et seq*.

The Foreign Service Grievance Board was created to address certain grievances by

employees and, to a limited extent, by former employees of the Foreign Service Office.  See 22

U.S.C. § 4131 *et seq*.  The Foreign Service Grievance Board is specifically authorized and

designated to adjudicate claims alleging denial of a financial benefit to which a member claims

entitlement.  See 22 U.S.C. § 4131(a)(1)(G).  As a former member of the Foreign Service,

Plaintiff was required to file a grievance with the Foreign Service Grievance Board regarding his

claim for denial of disability retirement benefits.  See 22 U.S.C. § 4132.  A grievance, however,

is barred if it is not filed within two years of the occurrence giving rise to the grievance. See 22

U.S.C. § 4134(a).  It is only after the Foreign Service Grievance Board issues a final decision that

Plaintiff is entitled to judicial review.  See 22 U.S.C. § 4137.  Once the Board or the Secretary of

State has issued a final decision, Plaintiff has 180 days in which to seek judicial review of the

decision.  See 22 U.S.C. § 4140.

In the case at bar, Plaintiff failed, at numerous levels, to exhaust his administrative

remedies and therefore his claim should be dismissed.  Plaintiff was required to submit his

application for disability retirement at the time of his separation from employment or within one

year of his separation from employment.  He failed to do so.  Plaintiff apparently asserts that he

is excused from this time limitation because he was mentally incapacitated at the time of his

separation and did not regain competency until sometime around 1995, at which time he

submitted his application for disability retirement benefits.  Compl. at 7-8.  Plaintiff's conclusory

allegation, however, that he was incompetent, and did not regain competency until 1995, is

8

insufficient to establish incompetency. Incompetency is determined by the Secretary of State based on the advice of qualified medical providers. See 22 U.S.C. § 4048. There is no allegation, or evidence, that Plaintiff ever submitted adequate medical documentation to establish his incompetency.

More importantly, Plaintiff's own conduct establishes that he was competent enough to protect his rights. As set forth above and alluded to in Plaintiff's Complaint, Plaintiff filed a lawsuit in 1981, two separate lawsuits in 1991, and an action almost identical to the one at hand in 2004, all making some type of allegation regarding his employment with the Foreign Service Office. Clearly, Plaintiff had the mental capacity to assert his rights in those lawsuits and in his many other civil actions. See FN 1, supra at 2. Plaintiff cannot now come before this Honorable Court and claim he was incapable of asserting his claim to disability retirement benefits before 1995.

Regardless, even if we were to ignore this conundrum for the Plaintiff, his claim is barred because he failed to avail himself of the Foreign Service Grievance Board procedures. Plaintiff never filed a grievance with the Foreign Service Grievance Board over the alleged refusal of the Foreign Service to act on his application for disability retirement benefits. See 22 U.S.C. § 4131 *et seq.* Plaintiff was required to file his grievance with the Foreign Service Grievance Board within two years of the Board's refusal to act on his application. Over eleven years have lapsed since Plaintiff claims he filed his administrative claim for disability retirement benefits. Instead

of filing a grievance, Plaintiff opted to file the instant lawsuit, as well as his previous lawsuit in

Texas concerning the same claim.  His claim therefore is barred.[4]

### III.    Plaintiff's Claim is Barred by the Doctrine of Laches

Fourteen years lapsed before Plaintiff first sought disability retirement benefits after

leaving the employment of the Department of State.  See Compl. at 7-8.  Plaintiff then waited

another ten years before he filed suit in Texas, and twelve years before he filed in this Court, over

the alleged failure of the Service to act on his application for disability benefits.  Twenty-five

years have now passed since the time Plaintiff alleged he was mentally incompetent and twelve

years have now lapsed since Plaintiff apparently alleges he regained competency.  Although

Plaintiff indirectly asserts that he was mentally incompetent from 1981 to 1995, Plaintiff's

conclusory innuendo, is insufficient to establish that he was excused from asserting his rights for

fourteen years.  Furthermore, even if Plaintiff were to establish that he was incompetent from

1981 until 1995, thereby excusing his failure, Plaintiff fails to provide a valid excuse for his

failure to file suit until ten years after he first submitted his application.  To compel the agency

now, twenty-five years after the fact, to present its defense will severely and unduly prejudice the

agency.

Plaintiff's claim, therefore, should be barred by the Doctrine of Laches.  "Laches is

founded on the notion that equity aids the vigilant and not those who slumber on their rights."

NAACP v. NAACP Legal Defense & Educational Fund, Inc., 753 F.2d 131, 137 (D.C. Cir.), cert.

_____

[4]  Although Plaintiff's complaint suggests that he waited so many years to file a lawsuit
because he "hoped the malfeasants in defendant's offices would be retired," Compl. at 8-9, that
justification falls extremely short of the type of extraordinary circumstance that would justify any
sort of waiver of the applicable time limits.

10

denied, 472 U.S. 1021, 105 S. Ct. 3489, 87 L. Ed.2d 623 (1985). The defense consists of three

elements: (1) a delay on the part of the plaintiff in instituting suit; (2) that is not excused; and (3)

that results in undue prejudice to the defendant's ability to present an adequate defense. National

Ass'n of Government Employees v. City Public Service Bd. of San Antonio, 40 F.3d 698, 708

(5th Cir.1994), citing Geyen v. Marsh, 775 F.2d 1303, 1310 (5th Cir.1985).  Plaintiff has filed a

minimum of twelve lawsuits since 1981.  Clearly he has been capable of asserting his rights in

federal court.  He should not be allowed to sit on his rights in the case at bar and bring this

lawsuit, twenty-five years later.[5]

## IV.    Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Even if this Court were to exercise jurisdiction over Plaintiff's claims, the most liberal

interpretation of Plaintiff's Complaint reveals that Plaintiff fails to state a claim upon which

relief can be granted.  See generally Compl.  Despite the generous reading that must be afforded

to the Complaint in light of Plaintiff's pro se status, Plaintiff's Complaint is so bare that

---

[5] Plaintiff states in his complaint that, with regard to a prior lawsuit, "it is significant that the government had argued laches and not statute of limitations." Compl. at 8.  However, the expiring of the statute of limitations is irrelevant here.  "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).  "The right of action first accrues on the date of final agency action."  Sendra Corp. v. Magraw, 111 F.3d 162, 165 (D.C. Cir. 1997); see also Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987)("A cause of action against an administrative agency "first accrues," within the meaning of § 2401(a), as soon as (but not before) the person challenging the agency action can institute and maintain a suit in court.").  Plaintiff has not exhausted his administrative remedies, and the State Department has not made any final agency action.  Therefore, the statute of limitations is a non-issue here.
    However, even assuming that Plaintiff had exhausted his administrative remedies by filing a grievance with the Foreign Service Grievance Board within two years of the Board's alleged refusal to act on his application, the last known date in which the Plaintiff alleges that he sought action with the State Department was eleven years ago.  Thus, clearly the statute of limitations for filing this action would have run by now.

dismissal is warranted.  See, e.g., Jones v. Community Redevelopment Agency, 733 F.2d 646,

649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended complaint because its

conclusory allegations were unsupported by any facts).  Plaintiff's Complaint presents no clear

factual allegations as to the grounds for any claim against Defendant.  Plaintiff makes no attempt

to prove his entitlement to benefits, his purported mental incapacitation or that he filed a

grievance with Foreign Service Grievance Board.  Accordingly, Plaintiff's complaint should be

dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed and judgment

entered in favor of Defendant.


Dated: June 19, 2006

Respectfully submitted,


_/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 19th day of June, 2006, a copy of the foregoing

Motion was mailed, postage pre-paid, to:

> David E. Henderson, *Pro Se*
> P.O. Box 23004
> El Paso, Texas 79923

_____
MEGAN ROSE
Assistant United States Attorney

13